United States Court of Appeals,

Fifth Circuit.

No. 93-1267.

Earnest Ray WALKER, Plaintiff-Appellant,

v.

NAVARRO COUNTY JAIL, ET AL., Defendants-Appellees.

Oct. 19, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before KING and BARKSDALE, Circuit Judges, and PARKER[1], District Judge.

PER CURIAM:

Appellant, Earnest Ray Walker brought suit against Appellees, the Navarro County Jail and Sheriff Hodge, pursuant to 42 U.S.C. § 1983, alleging that the Appellees acting under color of law, violated his Constitutional rights. Appellant filed the suit *pro se* and *in forma pauperis.* The district court dismissed the case as frivolous, and Walker appealed.

At the time he filed this civil rights action, Walker was a pretrial detainee at Navarro County Jail at Corsicana Texas. At mealtime on May 23, 1991, Walker asked Officer Scott to open his cell door to allow him to retrieve some chips to eat. The officer refused and Walker allegedly replied, "Forget it." The officer thought Walker had used an obscenity, and placed him in solitary confinement. The following day, Walker attended a disciplinary hearing which resulted in Walker being assessed a punishment of five days in solitary confinement.

In his § 1983 complaint, he alleged that the defendants, Sheriff Hodge and the Navarro County Jail, deprived him of his rights under the Due Process Clause by placing him in solitary confinement prior to a hearing and by denying him an opportunity to call witnesses at his disciplinary hearing. Walker also complains that he was confined for six days instead of five, his personal mail was returned to the sender during his period in solitary, and his sister was turned away when she came to visit him. He sought damages in the amount of $50,000.

[1]Chief Judge of the Eastern District of Texas, sitting by designation.

The magistrate judge conducted a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985) and recommended that the district court deny relief. The district court dismissed the action as frivolous.

Due Process claim

Pursuant to 28 U.S.C. § 1915(d), a district court may dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." A finding of frivolousness is appropriate whenever it appears that the claim has no arguable basis in law or fact. *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465, 468 (5th Cir.1992).

Walker contends that his Due Process rights were violated because he was not given a full disciplinary hearing and he was not allowed to call witnesses. He also contends that he was held in solitary for six days, rather than the five days imposed at the hearing.

> The Supreme Court has set out two standards in this area [of disciplinary procedures], depending on the sanction imposed upon the prisoner and consequences flowing from it. A prisoner punished by solitary confinement and loss of good-time credits must receive: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Wolff,*[2] 418 U.S. at 563-66, 94 S.Ct. at 2978-80. On the other hand, a mere few days administrative segregation, having no effect on parole, only merits an informal nonadversary evidentiary review as long as the prisoner receives notice and has an opportunity to present a statement. *Hewitt,*[3] 459 U.S. at 476-77, 103 S.Ct. at 874.

*Jackson v. Cain,* 864 F.2d 1235, 1252 (5th Cir.1989) (internal quotations omitted).

The officer placed Walker in solitary confinement following the incident, and Walker received an informal hearing the next day. Walker and Officer Scott were given opportunities to testify as to their respective versions of the facts. Walker was returned to solitary confinement for five days as discipline for his conduct, but there is no allegation that there was any effect on his parole. The magistrate judge applied the *Hewitt* standard, rather than the *Wolff* standard, and determined that the procedure was "fully adequate."

This Court has not drawn a clear boundary between the two standards. *Dzana v. Foti,* 829

---

[2]*Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

[3]*Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).

F.2d 558, 561 (5th Cir.1987). In the prison context, punishment by loss of good-time credits and solitary confinement is governed by the *Wolff* standard. *Id.* Although it is not clear, the *Wolff* standard may also apply when pretrial detainees are placed in solitary confinement in a county jail. In *Pembroke v. Wood County, Tex.,* 981 F.2d 225, 229 (5th Cir.1993), a pretrial detainee in a county jail "was placed in isolation for five days for the purpose of punishment, without due process protections." This Court stated, in dicta, that "[t]he use of punitive isolation without affording due process is unacceptable and violates the 14th Amendment." *Pembroke,* 981 F.2d at 229 (citing *Wolff* )

Arguably, Walker should have received a formal hearing that conformed to the *Wolff* standard instead of an informal *Hewitt*-type hearing. Thus, his claim has an arguable basis in law and fact; and dismissal as frivolous was an abuse of discretion.

Remaining claims

Walker's remaining claims that he received six days in solitary instead of five, he was deprived of a visit from his sister, and prison personnel returned his mail from a friend need not be addressed. They are all consequences flowing from the decision to place him in solitary confinement. Their resolution hinges on the preliminary question whether he received the process that was due. To the extent that Walker's claim that he was deprived of his sister's visit raises the question whether he was deprived of a liberty interest in the visitation list, he did not raise the issue in the district court. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991).

Walker asserts that he does not have adequate access to a law library, legal materials, or counsel; therefore, he has been denied meaningful access to the courts. Liberally construed, his brief also contends that his legal mail was opened and read outside of his presence and without his consent.

At the *Spears* hearing, the magistrate judge questioned Walker regarding his First Amendment claims. He replied that the "library issue" did not pertain to this action and was raised in a separate case.[4] Therefore, the issue has not been presented to the district court, and this Court

---

[4]Walker filed a motion to consolidate his civil actions. The magistrate judge recommended that the motion be denied because consolidation "would only delay the disposition of this case," and the district court denied the motion. R. 1, 46, 53. Walker states but does not argue this issue

will not address it for the first time on appeal. *See Varnado,* 920 F.2d at 321.

Walker's legal mail tampering claim implicates both his right of access to the courts and his right to free speech. In order for Walker's claim to rise to the level of a constitutional violation of his right to access to the courts, he must allege that his position as a litigant was prejudiced by the mail tampering. *See Henthorn v. Swinson,* 955 F.2d 351, 354 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). Because Walker has only asserted that his legal mail was opened and read outside of his presence and without his consent, he has failed to state a cognizable constitutional claim for denial of his right to access to the courts. *See Brewer v. Wilkinson,* --- F.3d ---- (5th Cir.1993).

Walker has also failed to state a cognizable free speech claim. In light of the fact that a jail has a legitimate security interest in opening and inspecting incoming mail for contraband, *see Thornburgh v. Abbott,* 490 U.S. 401, 413-414, 109 S.Ct. 1874, 1881-82, 104 L.Ed.2d 459 (1989); *see also Turner v. Safley,* 482 U.S. 78, 91-92, 107 S.Ct. 2254, 2262-63, 96 L.Ed.2d 64 (1987), Walker's allegation that his incoming legal mail was opened and read but not censored does not rise to the level of a constitutional violation. *See Brewer,* --- F.2d at ----. Thus, Walker's claims with respect to his incoming legal mail are without merit.

## Conclusion

The judgment of the district court is AFFIRMED IN PART, and VACATED and REMANDED IN PART for further proceedings consistent with this opinion.

---

on appeal; therefore, it is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987).