IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20093
Conference Calendar

_____

NATHAN JAMES WILSON,

                                        Plaintiff-Appellant,

versus

M. MORENO; DOUGLAS OSTERBERG;
W.E. COX,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-95-4605
- - - - - - - - - -
June 26, 1996
Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Nathan James Wilson, Texas prisoner #718250, appeals the
district court's dismissal of his 42 U.S.C. § 1983 action for
want of prosecution.  Liberally construed, his brief argues that
the district court abused its discretion in dismissing his action
for want of prosecution.  Because Wilson failed to comply with
the district court's order to file an application for leave to

_____

    * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

proceed in forma pauperis or to pay the $120 district court filing fee, and Wilson failed to file any other pleadings either explaining his failure to comply or requesting additional time, the district court did not abuse its discretion in dismissing his action for want of prosecution.  See Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980).

For the first time on appeal, Wilson argues that prison officials failed to provide information that he needed to complete and file an IFP application and thereby interfered with his right of access to the courts.  Because Wilson raises this claim for the first time on appeal, this court reviews the claim only for plain error.  Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).  Wilson has not alleged that he needed to obtain specific information from prison officials to complete his IFP application.  He also failed to allege that his position as a litigant was prejudiced as a result of prison officials' actions, as the district court merely dismissed his action without prejudice and advised him that upon the proper showing he could obtain relief from the order of dismissal in accordance with Fed. R. Civ. P. 60(b).  See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  Although a dismissal without prejudice may operate as a dismissal with prejudice if the statute of limitations has expired, see McCollough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), Wilson has not alleged that the statute of limitations has

expired, and the facts alleged do not indicate the date of the complained of incident. Because Wilson has not shown plain error, we decline to review his denial-of-access-to-the-courts claim.

This appeal is without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. We caution Wilson that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Wilson is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED; SANCTION WARNING ISSUED.