IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50256
USDC No. W-95-CV-368
_____

VERNON KING, JR.,

Plaintiff-Appellant,

versus

L. DOWDY, Captain; JOSE VEGA;
WILEY NICHOLES; RICHARD BREWINGTON;
LEWIS SAUNDERS; LISA J. MANNING;
DENNIS POLK, Sgt.; WILLIAM GREEN, Lt.;
JAMES D. EASLEY; JOHNNY SMITH, Capt.;
RICHARD C. TEDFORD; GLENN W. WOODARD;
D. BENOIT, Lt.,

Defendants-Appellees.

- - - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
- - - - - - - - - - - -
July 16, 1996

Before HIGGINBOTHAM, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Vernon King, Jr., Texas prisoner #590316, moves this court for leave to proceed in forma pauperis (IFP) on appeal from the dismissal without prejudice of his 42 U.S.C. § 1983 action pursuant to Fed. R. Civ. P. 41(b).  King argues that prison officials interfered with his legal mail, preventing him from filing an amended complaint as directed by the district court.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

King has not shown that his position as a litigant was prejudiced as the district court dismissed his action without prejudice and he has not argued that his action is now barred by the statute of limitations. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). The facts in his complaint indicate that the complained of incidents occurred in 1995 within the two-year statute of limitations applicable to § 1983 actions arising in Texas. See Tex. Civ. Prac. & Rem. Code § 16.003(a)(West 1986). See also Owens v. Okure, 488 U.S. 235, 249-50 (1989); Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).

King also contends that prison officials retaliated against him for filing prison grievances, and that Judge Walter Smith, the district court judge, refused to reinstate his action because he was biased against King. Because King does not brief these claims beyond merely stating them, he has failed to preserve them for appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

King has filed a motion for extraordinary relief requesting that the court investigate his allegations that prison guards have threatened to harm him if he does not withdraw certain prison grievances, and asks that the court issue an order transferring him to another unit. The court of appeals is not properly equip to play the role of factfinder in the first instance. See Stuart v. Spademan, 772 F.2d 1185, 1196 (5th Cir. 1985). King's request for a transfer amounts to a request for a mandamus against a state official which a federal court lacks the power to issue. See Moye v. Clerk, DeKalb County Superior Court,

474 F.2d 1275, 1276 (5th Cir. 1973).  King's motion for extraordinary relief is DENIED.

King's appeal presents no issue of arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because he has not raised a nonfrivolous issue on appeal, his motion for IFP is DENIED and his appeal is DISMISSED. See 5th Cir. R. 42.2.  King is cautioned that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, King is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

IFP MOTION DENIED; OTHER MOTION DENIED; APPEAL DISMISSED;

SANCTION WARNING ISSUED.