IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10903
Summary Calendar
_____

CECIL RAY PATTERSON,

Plaintiff-Appellant,

versus

LIEUTENANT GUERRERO; ROBERTS; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-236
- - - - - - - - - -
April 28, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges,

PER CURIAM:[*]

Cecil Ray Patterson, Texas prisoner # 779579, challenges the district court's dismissal of his pro se, in forma pauperis ("IFP") civil rights action filed under 42 U.S.C. § 1983 as frivolous and for failure to state a claim.  Patterson alleges that he was denied access to the courts by being denied access to typewriters, free photocopying, and greater access to the prison's law library.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Patterson failed to allege that his position as a litigant was actually prejudiced by the asserted deficiencies of the prison's law library or his access to it. As such, he failed to state a claim for denial of access to the courts. <u>Lewis v. Casey</u>, 116 S. Ct. 2174, 2179-81 (1996). The district court did not err in dismissing that claim. <u>Walker v. Navarro County Jail</u>, 4 F.3d 410, 413 (5th Cir. 1993).

Patterson also challenges the district court's refusal to allow him to amend his § 1983 complaint to state a claim for retaliation. At the time Patterson sought to amend his complaint, no responsive pleading had been filed. Because the amendment on its face does not appear to be frivolous or legally insufficient, the district court erred in refusing to allow the amendment. <u>See</u> Fed. R. Civ. P. 15(a); <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, we vacate the district court's order refusing to permit the amendment, and remand the retaliation claim for further proceedings.

Patterson also filed a motion for a temporary injunction, a "request for a court order," and a "motion for class action status," in connection with his denial-of-access-to-the-courts claim. Because we determine that the district court did not err in dismissing that claim, the motions are denied as moot.

AFFIRMED IN PART; VACATED IN PART, AND REMANDED; MOTIONS DENIED.