IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20589
Conference Calendar

_____

THOMAS W. SHAW,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; DR. MASTERS;
MR. HEARD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-534
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas W. Shaw, Texas prisoner # 185266, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He argues that the district court abused its discretion in summarily dismissing his § 1983 action. Because Shaw has not shown that any of the prison conditions complained of posed a risk of serious harm and that the defendants were aware of that risk but failed to take reasonable measures to abate it, he has not shown

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court abused its discretion in dismissing his claims concerning the conditions of his confinement as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Shaw argues that he was denied adequate medical care because he has been required to go to a pill window to get his heart medication and he has not been given nasal spray for nasal polyps.  Shaw has not been denied heart medication and his disagreement with his medical treatment for his nasal polyps is not actionable under § 1983.  See Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  He has not shown the district court abused its discretion in denying this claim as frivolous under § 1915(e)(2)(B)(i).

Shaw argues that he was denied access to the courts because he is not allowed to use the law library for at least ten hours per week.  Because Shaw has not alleged that his position as a litigant in a particular case was prejudiced, he has not shown that the district court abused its discretion in dismissing this claim as frivolous under § 1915(e)(2)(B)(i).  See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

The district court's dismissal of Shaw's § 1983 action counts as a "strike" under 28 U.S.C. § 1915(g), and this court's dismissal of his appeal as frivolous also counts as a "strike" under § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 386-88 (5th Cir. 1996).  Shaw has accumulated two "strikes" and if he accumulates a third "strike," he will not be able to proceed IFP

in any civil action or appeal unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.