IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40796
Summary Calendar
_____

MICHAEL LOU GARRETT,

                                        Plaintiff-Appellant,

versus

SUNG LEE; M. SANDERS; ROCHELLE MCKINNEY;
G.J. GOMEZ; D.B. MCELVANEY; J.W. MOSSBARGER,
Warden; J.C. MAYFIELD; R. MUNOZ; LUIS ALBERTO
VASQUEZ; D. VASQUEZ; C.R. PURVIS; In Their
Individual and Official Capacities,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-156
- - - - - - - - - -
April 14, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Michael Lou Garrett, Texas prisoner # 258594, appeals from
the district court's summary judgment against him in his claims
against defendant-appellee Sung Lee and from the district court's
dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)
of his claims against the other defendants-appellees.  We have
reviewed the record and the briefs of the parties, and we
conclude that the district court did not err by granting Lee's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for summary judgment and did not abuse its discretion by dismissing Garrett's other claims as frivolous. See Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

Garrett's argument that Dr. Lee was deliberately indifferent to his serious medical needs based on the inadequate treatment he rendered for Garrett's hernia and constipation is without merit because Garrett's hernia and constipation were successfully treated. See Farmer v. Brennan, 511 U.S. 825, 839-41 (1994). Any complaint Garrett might have with the delay in obtaining the successful treatment does not entitle him to relief because he fails to show resulting substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

Garrett's argument that prison officials denied him his right of access to the courts is meritless because, among other reasons, he fails to show that his position as a litigant was prejudiced. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). His argument, based wholly on his own speculation, that prison officials failed to investigate his grievances adequately is meritless because the failure to follow prison regulations alone does not give rise to a constitutional claim under § 1983. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Garrett's attempt to incorporate the factual allegations and arguments he raised in the district court in support of his claims that the other defendant prison officials were also deliberately indifferent to his medical needs and that they

retaliated against him because of his filing of prison grievances is improper.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Accordingly, Garrett fails to meet his burden of showing that the district court abused its discretion in dismissing these two claims as frivolous.

Finally, Garrett's assertion that the district court attempted to deny him his right of appeal by entering an order of noncompliance with the PLRA is based on a misunderstanding of the proceedings and is frivolous.  This appeal is frivolous.  It is DISMISSED.  5th Cir. R. 42.2