IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41449
Conference Calendar
_____

MICHAEL LOU GARRETT,

Plaintiff-Appellant,

versus

A. LEAL; R. MCVEY; G.J. GOMEZ;
D.B. MCELVANEY; J.W. MOSSBARGER, Warden,
J.C. MAYFIELD; A. DELEON, Captain;
A. OROZCO; H. NEWMAN, individually and in
his official capacity,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-97
- - - - - - - - - -
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Michael Lou Garrett, Texas prisoner # 258594, appeals from the district court's dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of his civil rights complaint brought pursuant to 42 U.S.C. § 1983. We have reviewed the record and Garrett's arguments, and we conclude that the district court did not abuse its discretion by dismissing his complaint as frivolous. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garrett's failure-to-protect claim fails because he concedes that he suffered no actual physical injury resulting from the prison officials' purported failure to protect him from a cellmate. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999). His denial-of-access-to-the-courts claim, based as it is solely on his unsupported assertions, is without merit because he concedes that his position as a litigant was not prejudiced by the purported violations. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

Garrett's claims of retaliation on the part of prison officials for his various grievances and legal maneuvers fail because they are completely unsupported by any evidence and are merely conclusional, and they do not, by themselves, raise an inference of retaliation. See Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir. 1988). Similarly, his challenge to the investigation into his prison grievances, based essentially on the fact that his grievances did not yield the result he desired, is based wholly on his own speculation concerning the grievance-investigation procedures and the defendants' purported failure to comply. The district court did not abuse its discretion by dismissing Garrett's § 1983 complaint as frivolous. Garrett's appeal from the district court's dismissal also is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Garrett's appeal is therefore DISMISSED. See 5TH CIR. R. 42.2.