IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11230
Conference Calendar
_____

KENNETH ALAN CROSS,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; CONNIE L. CHRANE;
FNNK WIDENER, Officer,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-28-C
--------------------
August 28, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

    Kenneth Alan Cross, Texas prisoner # 843086, appeals the dismissal as frivolous of his civil rights action under 42 U.S.C. § 1983.  Cross asserts that he was denied access to the courts by the destruction of a small portion of his trial transcript.  We review the dismissal of a prisoner complaint as frivolous for abuse of discretion.  Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

    Cross's claim fails to rise to the level of a constitutional

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of his right of access to the courts because he failed to specifically allege that his position as a litigant was prejudiced.  See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  Cross's claim of rudeness also fails to state a constitutional violation.  See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

Cross's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.

The dismissal of the original complaint as frivolous and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Cross that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

All outstanding motions denied as moot.  APPEAL DISMISSED.