IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30921
Conference Calendar
_____


DANIEL DEGRAFFENREID,

Plaintiff-Appellant,

versus

CHUCK COOK; CARTER, L.P.N.; CRANE, L.P.N.; HILL, DR.;
TISDALE, Cadet; HERRING, Corporal; KELLY, Seargeant;
MCELROY, Cadet; MECAR LOOPER, L.P.N.; DAVIS, Nurse,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-191
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Degraffenreid, Louisiana prisoner # 415007, appeals
the district court's dismissal of his 42 U.S.C. § 1983 civil
rights action as frivolous pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i).  He argues that the district court abused its
discretion in summarily dismissing his § 1983 action.

Under § 1915(e)(2)(B)(i), "[n]otwithstanding any filing fee,
or any portion thereof, that may have been paid, the court shall

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

determine the case at any time if the court determines" that the action or appeal is frivolous or malicious.  This court reviews for an abuse of discretion the district court's determination that an in forma pauperis complaint is frivolous.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Degraffenreid argues that he was denied adequate medical care because he should have been hospitalized sooner for his stomach problems.  Degraffenreid has not been denied medication for his stomach problems and his disagreement with his medical treatment for those stomach problems is not actionable under § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  He has not shown the district court abused its discretion in denying this claim as frivolous under § 1915(e)(2)(B)(i).

Degraffenreid argues that he was denied access to the courts because prison officials did not respond to a grievance form submitted by him.  Because Degraffenreid has not alleged that his position as a litigant in a particular case was prejudiced, he has not shown the district court abused its discretion in dismissing this claim as frivolous under § 1915(e)(2)(B)(i).  See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

The district court's dismissal of Degraffenreid's § 1983 action counts as a "strike" under 28 U.S.C. § 1915(g), and this court's dismissal of his appeal as frivolous also counts as a "strike" under § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 386-88 (5th Cir. 1996).  Degraffenreid has accumulated two "strikes" and if he accumulates a third "strike," he will not be

able to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.