IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30007
Conference Calendar

_____

PERRY JACKSON,

Plaintiff-Appellant,

versus

DOUG WELBORN,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-453-C
- - - - - - - - - -
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:*

Perry Jackson, Louisiana prisoner # 106488, appeals the

dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for

failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A.

Jackson argues that Doug Welborn, in his capacity as the Clerk of

Court for the 19th Judicial District of Louisiana, erroneously

converted his state action seeking habeas relief into a

prisoner's civil action, which subjected Jackson to the

requirements of the Administrative Remedy Procedures and a much

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

higher filing fee, in violation of his right of access to the courts, due process, and equal protection.

To the extent that Jackson is arguing that Welborn's actions violated state law by failing to adhere to the state procedural classifications of these types of actions, his claim of a state-law violation is not cognizable in a 42 U.S.C. § 1983 complaint. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). To the extent that Jackson is arguing that Welborn's actions interfered with his right of access to the courts, he has failed to demonstrate an actual injury. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). Jackson does not allege that Welborn's actions affected the outcome of his state action in any way. Nor has he provided any factual basis for his equal protection claim. Dudley v. Angel, 209 F.3d 460, 463 (5th Cir. 2000)(The Equal Protection Clause essentially requires that all persons similarly situated should be treated alike). Accordingly, the judgment of the district court is AFFIRMED.