IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30400
Summary Calendar
_____

DREW DAVID ARNOLD,

Plaintiff-Appellant,

versus

DOUG MOREAU,

Defendant-Appellee.

---------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-135-D-M2
---------------------------------------------------------
August 23, 2001

Before JOLLY, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Drew David Arnold, Louisiana prisoner # 96979, appeals the district court's dismissal of his pro se and in forma pauperis (IFP) civil rights complaint wherein he alleged that he was being denied adequate access to the courts because he had been unable to obtain his "file" from the district attorney's office.

The district court shall dismiss a prisoner's IFP civil rights complaint if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), § 1915A.

Arnold cites no authority, nor does research reveal any such authority, which extends a prisoner's right of access to the court to include unfettered access to the district attorney's file. Moreover, to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rise to the level of a constitutional violation, Arnold must show that the denial of his request for his file prejudiced his position as a litigant.  See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  Arnold has made no such showing.

Arnold's contention that the district court should have conducted an evidentiary hearing on the merits of his case is without merit.  Arnold specifically alleged the basis of his claims in his complaint and Arnold does not identify any additional facts in his brief that would have rendered his complaint nonfrivolous.  Arnold's assertion that he did not receive any documents filed by the defendant is of no consequence because the defendant was not served and therefore did not file any paper work.

This court may "affirm the district court's judgment on any grounds supported by the record." Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).  Acco rdingly, we AFFIRM the district court's dismissal of the complaint as frivolous on the ground that Arnold has not demonstrated the violation of his constitutional right of access to the courts.

AFFIRMED.