IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11391
Conference Calendar

_____

CLAUDE E. JOINER,

                                             Plaintiff-Appellant,

versus

GARY L. JOHNSON, Etc.; ET AL.,

                                             Defendants,

GARY L. JOHNSON, Director, Texas Department of Criminal
Justice, Institutional Division; JOSEPH PRICE; AL MARK;
MIKE PUGH; GUY SMITH; TIM REVELL; CHARLES RIDGE, DR.;
SUZZANNE TENORIO-PAUL; ROCHELLE MCKENNLY; WILLIAM GONZALEZ;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE HEALTH SERVICE DIVISION;
CORRECTIONAL MANAGED HEALTH CARE ADVISORY COMMITTEE;
UNIVERSITY OF TEXAS MEDICAL BRANCH; TX TECH UNIVERSITY
HEALTH SCIENCE CENTER; LANNETTE LINTHICUN; TEXAS DEPARTMENT
OF CRIMINAL JUSTICE; NFN BASS,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-341
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Claude E. Joiner ("Joiner"), Texas state prisoner #594355,

appeals from the district court's grant of summary judgment in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

favor of the defendants. Joiner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his medical needs. Joiner also argued that the defendants conspired to deny him access to the courts.

Joiner's motions for an extension of time to file an amended brief and to file an amended brief are DENIED.

Conclusory allegations, speculation, and unsubstantiated assertions are not adequate to support summary judgment, which the court reviews *de novo*. See <u>Olabisiomotosho v. City of Houston</u>, 185 F.3d 521, 525 (5th Cir. 1999). Medical care claims are cognizable under § 1983 when prison officials are deliberately indifferent to a prisoner's serious medical needs. See <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991). However, unsuccessful medical treatment, acts of negligence or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment are insufficient to establish an unconstitutional denial of medical care. See <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991); <u>see</u> <u>also</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997).

The record shows that the defendants provided treatment for Joiner's medical conditions but did not provide the treatment Joiner requested. Joiner's allegations do not meet his burden of producing evidence showing the existence of a genuine issue for trial regarding deliberate indifference. Joiner's arguments

amount to no more than disagreement with his medical treatment, a claim not actionable under § 1983. See Varnado, 920 F.2d at 321.

Prisoners have a constitutionally protected right of access to the courts. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). To state a denial of access claim, however, the prisoner must allege that the defendants' conduct actually injured him by prejudicing his position as a litigant. See id.; see also Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). Joiner has not identified any actual injury resulting from the defendants' alleged denial of his access to the court.

For the foregoing reasons, the district court's judgment is AFFIRMED. All outstanding motions are DENIED.