United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60680
Conference Calendar

GARY MOAWAD,

Plaintiff-Appellant,

versus

REBECCA BURCHFIELD; BONNER, Officer;
D.M. COX, Lieutenant; BET
TY FOSTER,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-70-D-B
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gary Moawad, Mississippi prisoner # 31272, challenges the
district court's dismissal of his 42 U.S.C. § 1983 action for
failure to state a claim upon which relief can be granted.  He
has moved for leave to file a supplemental brief.  This motion is
DENIED.

Moawad contends that the defendants failed to send two legal
documents to the courts.  He has not established or alleged that
his position as a litigant was prejudiced by the claimed failure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). Moawad also contends that the district court erroneously dismissed a lawsuit that he had filed in 1990, despite the fact that the case was not before the court at this time. Nothing in the district court's order purports to settle the proceedings in the 1990 action.

Moawad contends that the magistrate judge improperly refused to recuse himself from Moawad's case, despite Moawad's assertions of bias. He has not established that the magistrate judge abused his discretion in refusing to withdraw. See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. MMR Corp., 954 F.2d 1040, 1044 (5th Cir. 1992).

Moawad maintains that the magistrate judge erred in not appointing him counsel in the district court. He has not shown that the magistrate judge abused his discretion, as he has not established "exceptional circumstances" warranting the appointment of counsel in a civil action. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)(citation and internal quotations omitted).

Moawad has not established that the district court erred in dismissing his *in forma pauperis* civil rights action for failing to state a claim. See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). The judgment of the district court is AFFIRMED.