United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41231
Conference Calendar
_____

ADOLPHUS PETTY,

Plaintiff-Appellant,

versus

DIANE KELLY; LARRY PARENT; ANTHONY M. HOLMES;
MARTHA JONES; ELIZABETH MILLER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-171
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Adolphus Petty, Texas prisoner #781307, appeals from the

dismissal of his 42 U.S.C. § 1983 complaint for failure to

state a claim and as frivolous.  Petty moves for a temporary

restraining order and injunctive relief; his motions are DENIED.

Petty contends that his right of access to the courts was

violated because he was not provided with the forms he requested,

in violation of prison policy; because gay sex that is tolerated

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in the law library interferes with his ability to conduct legal research; because prison system staff attorneys are restricted in the matters they may pursue; and because he was not able to correspond with prisoner James Campbell after he was transferred to the Michael Unit. Petty did not raise his contentions regarding gay sex and prison staff attorneys in the district court. He may not raise his new claims for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Regarding Petty's remaining access-to-courts contention, he has not shown any actual injury arising from the defendants' actions. He was able to file the complaint in district court that he sought to file. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Moreover, any violation of prison rules and regulations did not give rise to any constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Petty contends that the prison system should not punish or penalize him, or retaliate against him, for seeking relief through the prison grievance system. He alleges that he was denied legal visits with other offenders as retaliation, but he does not name any prisoners he wanted to visit. Rather, he refers to the district court record to support his contention. He cannot incorporate the district court record by reference. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Petty does not allege facts in his appellate brief relevant to any retaliation claim. He has failed to brief retaliation for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Petty contends that he was deprived of his right against arbitrary censorship due to the interference with his mother's mail and other missing legal mail. Petty has failed to show that his position as a litigant was prejudiced by the alleged mail-tampering. He does not show that he could have prevailed in his previous lawsuit had nobody tampered with his mail. *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

The district court did not err by dismissing Petty's complaint for failure to state a claim and as frivolous. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Petty's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Petty's action and this court's dismissal of his appeal each count as a "strike" against Petty for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). The district court also dismissed one of Petty's previous complaints as frivolous. *Petty v. Dominguez*, No. 2:01-CV-00368 (N.D. Tex. May 22, 2002). Petty thus has three "strikes" and is warned that he may not proceed *in forma pauperis* (IFP) in any

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED.  5TH CIR. R. 42.2.  28 U.S.C. § 1915(g) SANCTION IMPOSED.