# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-20011
Conference Calendar

SIMON SMALLWOOD

Plaintiff-Appellant

v.

ALFONSO CASTILLO, Senior Warden; ASSISTANT WARDEN WORKING ON UCC ON 4/6/07, Assistant Warden Richard A Gunnels or Steven N Rich; MEMBERS OF UCC ON 4/6/07; ESTELLE UNIT'S GRIEVANCE INVESTIGATOR

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2542

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Simon Smallwood, Texas prisoner # 552407, appeals the district court's dismissal of his complaint against employees of the Estelle Unit, alleging that he was wrongfully placed in solitary confinement on the A-wing. Smallwood does not challenge the district court's dismissal of his claim that the conditions of his confinement constituted cruel and unusual punishment in violation of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Eighth Amendment. Because Smallwood fails to brief this issue, it is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Smallwood argues that he showed a deprivation of a cognizable liberty interest and that his nonpunitive 14-day confinement to the A-wing without a hearing violated his due process rights. He contends that he was wrongfully placed in punitive confinement based on a lack of space in the prison for someone with his medical conditions. In Hernandez v. Velasquez, 522 F.3d 556, 562-63 (5th Cir. 2008), this court found that a 14-month nonpunitive confinement in lockdown without a prior hearing did not result in a deprivation of a cognizable liberty interest. Thus, Smallwood's 14-day confinement in the A-wing without a prior hearing does not give rise to a claim for a deprivation of a cognizable liberty interest. See Hernandez, 522 F.3d at 562-64.

Smallwood also argues that the district court erred in dismissing his claim of excessive force. Because Smallwood does not allege a de minimis injury, he fails to present a basis for an Eighth Amendment claim of excessive force. See Hudson v. McMillan, 503 U.S. 1, 6-7 (1992); Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999).

Smallwood's claim that the defendants denied him access to courts because they destroyed or lost his grievance is without legal basis. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). To the extent that Smallwood argues the defendants failed to comply with prison policies, his claim is insufficient to establish a constitutional violation. See Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

Smallwood's appeal is without arguable merit and therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2. The district court's dismissal of Smallwood's complaint and the dismissal of this appeal as frivolous count as two

strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Smallwood has one previous strike.  See Smallwood v. Director of Healthcare Services, No. 99-40672 (5th Cir. June 12, 2000). Because Smallwood has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury."  § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.