# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 08-60210
Summary Calendar

DAVID WEATHERSPOON

Plaintiff-Appellant

v.

JOHN D FERGUSON, President, CCA; CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS; RAYMOND BYRD, Warden for CCA; KIMBERLY KENT ROKASKY, Mailroom Clerk for CCA

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CV-3

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Weatherspoon, Mississippi prisoner # 39891, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. In his complaint, Weatherspoon alleged that various officials affiliated with the Corrections Corporation of America-Delta Correctional Facility and the Mississippi

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department of Corrections tampered with his mail. Weatherspoon specifically alleged that his legal mail, which was sealed and properly stamped, was improperly returned to him on the ground that it had not been processed in accordance with prison regulations. Weatherspoon argued that the defendants' actions denied him access to the courts and violated the Fourth Amendment.

By moving for leave to proceed IFP, Weatherspoon is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). For the reasons detailed below, Weatherspoon's motion for IFP is GRANTED.

A prison official's interference with a prisoner's legal mail may violate the prisoner's constitutional right of access to the courts. Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993). However, to state a claim based on delay or interference with the mail, a plaintiff must show actual injury. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). In this context, an inmate shows an actual injury by establishing that "his position as a litigant was prejudiced" due to the disputed acts. Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

Weatherspoon has not alleged that he suffered any actual prejudice due to the defendants' purported interference with his mail. His claim that he was denied access to the courts therefore does not involve legal points arguable on their merits. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotations and citations omitted). Accordingly, this portion of the district court's judgment is AFFIRMED.

However, although Weatherspoon alleged in his § 1983 complaint that the defendants' actions interfered with his right to be free from an illegal search and seizure, the district court failed to address whether Weatherspoon had stated a claim under the Fourth Amendment. Consequently, the district court's conclusion that Weatherspoon's complaint did not form a basis for relief, and its

resulting certification that Weatherspoon's motion to proceed IFP on appeal was not taken in good faith, were erroneous.  Whether the facts ultimately establish a Fourth Amendment claim is not a question to be answered at this stage of the proceedings.  See Howard, 707 F.2d at 220.  The district court's dismissal of Weatherspoon's Fourth Amendment claim is VACATED and REMANDED for further proceedings.

MOTION FOR IFP GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART.