# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2019

Lyle W. Cayce
Clerk

JOSEPH RODERICK MORGAN,

Plaintiff-Appellant

v.

MARK PATTERSON; E. BARRERA; J. ANDERSON; W. LIEB; M. BOTELLO, et al,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CV-160

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:*

Joseph Roderick Morgan, former federal prisoner # 21062-479, filed a pro se complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging various claims that arose while he was confined at the Coastal Bend Detention Center (CBDC), which is a privately held corporation that contracts with the federal government to house inmates. The district court dismissed his complaint as frivolous and for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Morgan appealed.

"The standard of review for dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) is abuse of discretion." *Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010). The dismissal of a complaint under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim is reviewed de novo. *Id.*

As an initial matter, Morgan was transferred from the CBDC to a federal facility and then released from confinement on July 12, 2018, rendering moot his claims for declaratory and injunctive relief. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Likewise, to the extent that Morgan sought to raise claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), that statute "does not authorize a private cause of action for compensatory or punitive damages against the appellees in their individual or official capacities," and any claims that Morgan sought to raise under it are rendered moot by his release. *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

Morgan does not present any substantive argument addressing the district court's dismissal of various constitutional claims as barred by *Minneci v. Pollard*, 565 U.S. 118 (2012). In that case, the Supreme Court held that a federal prisoner could not pursue a *Bivens* claim against the employees of a private company that operated the facility where the prisoner alleged he was subjected to inadequate medical care, cruel and unusual punishment, and injury. *Id.* at 131. Although this court liberally construes the briefs of pro se litigants, arguments must be briefed to be preserved. FED. R. APP. P. 28(a)(8)(A); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He also fails to brief any argument regarding the district court's dismissal of some of his claims on the basis of sovereign immunity and other of his claims related to the alleged verbal harassment by CBDC employees, the denial of equal

protection under the law based on his Jewish faith, and his inability to access Step Two forms and to pursue administrative grievances at the CBDC. Accordingly, he has abandoned those issues on appeal. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

According to Morgan, Kitchen Captain M. Botello served him kosher meals that were spoiled and inedible in violation of his right to exercise his Jewish faith. Though Morgan claims that eating a kosher diet was the only way to exercise his religious beliefs at the CBDC, he did not allege that he was being denied kosher meals pursuant to any prison rule, regulation, or policy. *See DeMarco v. Davis*, 914 F.3d 383, 389 (5th Cir. 2019). Indeed, Morgan's allegations clearly demonstrate that the CBDC had a program in place to provide kosher meals to Jewish inmates. Moreover, as the district court observed, Morgan alleged only isolated incidents resulting in the denial of kosher meals, which are insufficient to state a First Amendment claim. *See Randall v. McLeod*, No. 95-10106, 1995 WL 581973, at * 3-4 (5th Cir. Sept. 15, 1995) (unpublished).[1]

Insisting that that Botello and other prison officials were part of a "wheel conspiracy," Morgan argues that they acted in concert to harm and harass him based on his Jewish faith. However, as the district court determined, Morgan did not allege specific facts that could establish the existence of a conspiracy to deprive him of his constitutional rights, and his personal beliefs as to the existence of a conspiracy are insufficient. *See Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).

As to claims related to alleged violations of his right of access to the courts and free speech, Morgan has not explained how Captain Hernandez's opening of a sealed envelope addressed to his attorney violated his

---

[1] Unpublished cases decided before January 1996 are binding precedent. 5TH CIR. R. 47.5.3.

constitutional rights. As the district court found, Morgan failed to explain how the opening of his mail on one occasion prejudiced his criminal case. *See Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Further, Morgan does not allege that Hernandez censored, destroyed, or misplaced his legal mail. *See Brewer v. Wilkinson*, 3 F.3d 816, 825-26 (5th Cir. 1993). Morgan's complaints about the prison law library and the law librarian similarly fail to state a constitutional claim because Morgan has not explained how the alleged shortcomings in the library hindered his efforts to pursue a legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

According to Morgan, he was placed in disciplinary detention without a "committee panel hearing" in violation of his due process rights. Morgan had notice of the informal hearing, attended the hearing, and gave a verbal statement. Thus, Morgan received all the process that he was due at his disciplinary hearing. *See Walker*, 4 F.3d at 412.

Finally, in his brief on appeal, Morgan raises new claims that he did not raise in the district court. For instance, he complains that a prison official, who is not named as a defendant in his lawsuit, retaliated against him and imposed "punitive sanctions" after Morgan prevailed on an administrative grievance. Arguments not raised before the district court are forfeited and will not be considered on appeal unless the party can demonstrate "extraordinary circumstances." *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996). Morgan makes no effort to establish extraordinary circumstances. As such, the court will not consider these new claims.

The judgment of the district court is AFFIRMED.