United States Court of Appeals,

Fifth Circuit.

No. 94-30085.

Ronald LAMBERT, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Feb. 10, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before DAVIS, BARKSDALE and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Ronald Lambert appeals the dismissal of his Federal Tort Claims Act ("FTCA") suit. The district court dismissed Lambert's suit as untimely under the FTCA's six-month statute of limitations. 28 U.S.C. § 2401(b). The central issue presented on appeal is whether Lambert can rely on the doctrine of equitable tolling to preserve his FTCA claim. We conclude that Lambert cannot rely on equitable tolling and affirm the district court's dismissal of his suit as untimely under § 2401(b).

I.

In February 1992, Lambert was injured when his automobile collided with a patrol vehicle driven by Richard Ritzman, an agent with the Immigration and Naturalization Service ("INS"). On November 4, 1992, the INS notified Lambert that it was rejecting his administrative claim for medical expenses resulting from the accident. Lambert subsequently filed his first suit against the United States pursuant to the FTCA, 28 U.S.C. §§ 2401 et seq. In

September 1993, the government moved to dismiss Lambert's claim without prejudice on the grounds that he failed to properly serve the government within 120 days as required by Federal Rule of Civil Procedure 4(m). Federal Rule of Procedure 4(i) establishes special procedures for serving the government:

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney ... and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia....

Although Lambert served a copy of the complaint on the United States Attorney's Office for the Eastern District of Louisiana, he failed to deliver a copy of the summons as required by Rule 4(i)(1)(A). Lambert also failed to send a copy of the summons and complaint to the Attorney General as required by 4(i)(1)(B). As a result, the district court ruled that Lambert failed to comply with Rule 4(i)'s service requirements within the 120-day time limit imposed by Rule 4(m) and granted the government's motion to dismiss.

Instead of appealing the district court's dismissal of his first suit, Lambert filed a second complaint against the government alleging the same facts and theories as his first suit. Although Lambert filed his second suit on the same day that the district court dismissed his original suit, the government moved to dismiss the suit as time barred under the FTCA's six-month statute of

2

limitations. The district court subsequently dismissed Lambert's second suit. Lambert timely appeals the district court's order dismissing his second suit.

## II.

Lambert does not dispute the district court's conclusion that his second suit is time barred under the terms of 28 U.S.C. § 2401(b). Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or **unless action is begun within six months** after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

(emphasis added). While the timely filing of Lambert's first suit tolled § 2401(b)'s six-month statute of limitations, the district court's order dismissing the suit without prejudice left Lambert in the same position as if the first suit had never been filed. *Hilbun v. Goldberg,* 823 F.2d 881, 883 (5th Cir.1987), *cert. denied,* 485 U.S. 962, 108 S.Ct. 1228, 99 L.Ed.2d 427 (1988). Because Lambert's second suit was filed more than six months after the INS mailed its final notice denying his claim, his second suit is time barred under the plain language of § 2401(b). Lambert argues, however, that the district court erred by not applying the doctrine of equitable tolling to suspend the running of the statute of limitations while his first suit was pending.

In *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95-96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), the Supreme Court held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against

3

the United States."  The Court thus overturned the established precedent of many circuits that equitable tolling is not available against the government because the statutory time limits that apply to suits against the government are jurisdictional.  *See Houston v. United States Postal Service,* 823 F.2d 896 (5th Cir.1987), *cert. denied,* 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988). *Irwin* does not, however, resolve whether equitable tolling is available to Lambert in the instant case where his first FTCA suit was dismissed because he failed to timely comply with the service requirements of Rules 4(i) and 4(m).

The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.  *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965).  In *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984), the Supreme Court described the types of cases where courts have applied equitable tolling:

> This is not a case in which a claimant has received inadequate notice;  or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon;  or where the court has led the plaintiff to believe that she has done everything required of her.  Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

(citations omitted).  Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations.  *Justice v. United States,* 6 F.3d 1474, 1480 (11th Cir.1993);  *see also Tudor Dev.*

4

*Group, Inc. v. U.S. Fidelity & Guar. Co.,* 968 F.2d 357, 364 (3rd Cir.1992).

In *Justice,* the Eleventh Circuit held that equitable tolling was not available in a second suit brought against the government under the Public Vessels Act and Suits in Admiralty Act where the first suit was dismissed for want of prosecution. 6 F.3d at 1482. The court reasoned that the plaintiff had several legal avenues available to remedy the dismissal of his first suit, including filing a motion for reconsideration and appealing the dismissal. *Id.* at 1480. The court concluded that the availability of these alternative legal remedies precluded the application of equitable tolling. *Id.* at 1482.[1]

The reasoning of *Justice* is applicable to the present case because Rule 4(m) provides an express legal remedy for plaintiffs who fail to timely serve the government under Rule 4(i). Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice ... provided that if the plaintiff shows **good cause** for the failure, the court shall extend the time for service for an appropriate period.

---

[1]In rejecting equitable tolling, the court also noted that the plaintiff "failed to act with due diligence in pursuing his cause of action against the government." *Id.* at 1483. Lambert's failure to timely serve the government demonstrates a similar lack of diligence. *See Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 29 (6th Cir.1987) ("Wilson's lack of diligence in effecting service upon Grumman within the necessary period cannot be the basis for an equitable tolling of the statutory filing period in her favor.").

5

(emphasis added).[2] Thus, Rule 4(m) allows the tardy plaintiff to escape the harsh consequences of dismissal if he shows "good cause" for this delay. This statutory escape provision essentially duplicates the equitable remedy provided by equitable tolling. In *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985), this court held that "good cause" under Rule 4(m) requires:

> **at least** as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement **and** some reasonable basis for noncompliance within the time specified" is normally required.

(quoting 4A Wright & Miller Federal Practice and Procedure: Civil § 1165 at 480) (emphasis in original). Rule 4(m)'s good cause standard thus allows plaintiffs to raise substantially the same equitable arguments that they can raise under the equitable tolling doctrine. *See Baldwin County,* 466 U.S. at 151, 104 S.Ct. at 1725.

Under Rule 4(m), a plaintiff can resist the government's motion to dismiss for tardy service on grounds that he has "good cause" for the delay. If the district court concludes that a plaintiff has not shown good cause for failing to timely effect service and grants the government's motion to dismiss, the plaintiff can appeal the court's dismissal. The availability of this express legal remedy precludes the applicability of equitable tolling in a second suit.

We conclude, therefore, that Lambert cannot rely on the

---

[2]Rule 4(m) was added by amendment in 1993 and contains much of the same language as the former Rule 4(j).

doctrine of equitable tolling to preserve his FTCA claim.  If equitable tolling were available to Lambert in this case, he would have an opportunity to re-litigate essentially the same issues the district court considered when the court dismissed his first suit under Rule 4(m).  Accordingly, we AFFIRM the district court's dismissal of Lambert's FTCA suit as untimely under § 2401(b).

AFFIRMED.