IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40749
Summary Calendar

_____

WILLIE RAY WILSON,

                                        Plaintiff-Appellant,

versus

BUBBA PIPER, Deputy Sheriff; LEE SELF,
Deputy Sheriff; BILLY NELSON, JR.,
Deputy Sheriff; JACK MAYNARD, Jail
Administrator; BILLY NELSON, SR., Deputy
Sheriff,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-69
---------------------
May 22, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Willie Ray Wilson, Texas prisoner # 742181, appeals the district court's summary-judgment dismissal of his 28 U.S.C. § 1983 complaint charging that officials of the Polk County Sheriff Department violated his civil rights by using excessive force against him on December 11, 1994. Wilson filed his complaint no earlier than January 16, 1997. The district court granted summary judgment to defendants on the basis that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint was time-barred.

We review the grant of summary judgment <u>de novo</u>, applying the same standard as that used by the district court.  <u>Melton v. Teachers Ins. & Annuity Ass'n of America</u>, 114 F.3d 557, 559 (5th Cir. 1997).  In Texas, the applicable personal injury limitations period is two years.  <u>Ali v. Higgs</u>, 892 F.2d 438, 439 (5th Cir. 1990).  Thus, Wilson's complaint was time-barred as of December 11, 1996.  A complaint filed by Wilson in February 1996 did not toll the limitations period because it was dismissed for want of prosecution; Wilson received notice of the dismissal in sufficient time to re-file it before December 11, 1996.  <u>See</u> <u>Lambert v. United States</u>, 44 F.3d 296, 298 (5th Cir. 1995).

AFFIRMED.