UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41271
Summary Calendar

_____

R. THOMAS WILLIAMS,

Plaintiff-Appellant,

versus

LINDA COOK, Administrative Technician II;
KENNETH SULEWSKI, Captain; SHIRLEY BRAY,
Clerk III; APRIL CATOE, Clerk III;
SABRINA GOODIN, Clerk III; MCKINLEY J.
MCLAUGHLIN, Administrative Technician II;
NORA VONDRA, Clerk III; RICKY FLASOWSKI,
Lieutenant; MELTON BROCK, Warden; JAMES M.
SESSIONS, Investigator II; JOSEPH CONARROE,
Investigator II; LELAND HEUSZEL, Warden;
SHARON B. KEILIN, Assistant Director for
Support Administration; "BL", Regional
Director Coordinators Level; KENT RAMSEY,
Assistant Director Regional I; PRISCILLA
DALY, Assistant Regional I Director; "GM",
Department Director Level; MARK BULL,
Assistant to Department Director of Operations;
MARSHALL HERKLOTZ, Assistant Director
Laundry/Food Service; LINDA PATTESON, Head
Administrator MSCP, Mail Systems Coordinators Panel;
UP DOE, Department Director Level; UP2 DOE,
Department Director Level; JAMES A. SHAW, Warden;
CHARLES L. SMITH, Department Director Level;
JUNE GROOM, Warden I; MICHAEL COUNTZ, Assistant
Director of Programs & Records; CHARLES MARTIN,
Lieutenant, Warden I; LINDBERG ARNOLD, Warden 2;
JAMES WILLETS, Warden I; MIKE HALL, Warden 2; L.N.
HODGES, Warden 2; TIM SIMMONS, Warden 2; GROVER
GOODWELL, Warden 2; PAULA ABLS, Purchaser II;
LARI BENDER, Correctional Officer III; JOHN WELLS,
Correctional Officer III; DENIS CRIVELLO,
Correctional Officer III; OTTIE THORNTON,
Correctional Officer III,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:97-CV-189)

_____

June 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

R. Thomas Williams, Texas prisoner # 650233, appeals, *pro se*, the dismissal of his *in forma pauperis* and *pro se* 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

Williams maintains his claim that his legal mail had been repeatedly opened outside his presence was timely because he first filed an action on this claim in 1996 and that complaint was dismissed without prejudice. While the filing of an action normally tolls the statute of limitations, its dismissal without prejudice leaves the plaintiff in the same position as if the action had never been filed. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Therefore, the district court did *not* err in dismissing this claim as time-barred. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Williams also contends that the district court improperly found that his letters to the Rev. Sherman Williams and David Chalfant contained inappropriate language. "[I]n determining the constitutional validity of prison practices that impinge upon a prisoner's rights [to free speech] with respect to mail, the appropriate inquiry in whether the practice is reasonably related to a legitimate, penological interest". *Brewer v. Wilkinson*, 3 F.3d 816, 824 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record does *not* support Williams' claim that the letter to the Rev. Williams did *not* contain threatening language (at the disciplinary hearing, Williams did *not* refute the charge that the letter stated he would "gladly murder" prison employee/correctional officer Adams), and Williams has failed to show exhaustion of his administrative remedies with respect to the Chalfant letter. 42 U.S.C. § 1997e(a); *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (court of appeals can affirm judgment on any grounds supported by record), *cert. denied*, 507 U.S. 972 (1993).

Williams' claim that he was denied due process at the disciplinary hearing, if credited, necessarily implies that his sentence for the disciplinary case was invalid, thus affecting the duration of his confinement. Because Williams has *not* shown that the disciplinary case has been overturned, he cannot maintain a 42 U.S.C. § 1983 action against the defendants for damages. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Finally, Williams' retaliation claims fail as a matter of law because Williams has failed to show that the actions of Lari Bender and Paula Ables would *not* have occurred absent the alleged retaliatory motive. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996).

*AFFIRMED*

3