United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41846
Conference Calendar

MARSHALL WELLS,

                              Plaintiff-Appellant,

versus

JACKIE EDWARDS, Warden of Ramsey III; UNKNOWN REGIONAL DIRECTORS
at DARRINGTON UNIT 59; PRIGE JACK, Grievance Coordinator of
Ramsey III Unit; SUSAN RIVAS; CAROLYN C. FIELDS,
Supervisor of the Mailroom at Ramsey III Unit; REGINA
HIGGINS, Clerk of Ramsey III Mailroom; ANTON POWELL, Clerk
of Ramsey III Mailroom; SHEKI MURPHY, Clerk of Ramsey III
Mailroom,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-558
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

    Marshall Wells, Texas prisoner # 314821, appeals from the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
time-barred pursuant to 28 U.S.C. § 1915A(b)(1). Wells concedes
that he previously filed the same complaint against the same
defendants and that it was voluntarily dismissed pursuant to his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Notice of Dismissal" filed on August 19, 2003. Wells also concedes that his cause of action arose when he received the final response to his Step Two Grievance in 1999. See Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992). The applicable statute of limitations is two years. See Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002). Wells's voluntary dismissal of that complaint left him in the same position as if the lawsuit had never been filed. Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995). Equitable tolling is not warranted in this case because Wells failed to act diligently to preserve his claims. See id. at 299 & 299 n.1. Wells's complaint filed in September 2005 was therefore untimely.

AFFIRMED.