United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10931
Conference Calendar

_____

PETER MARTIN BERNARD,

Plaintiff-Appellant,

versus

BRANNIGAN, Correctional Officer; JOHN AND OR JANE DOE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-14
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Peter Martin Bernard, Texas prisoner # 581959, appeals the dismissal of his pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim for which relief can be granted. In his complaint, he alleged that in July 2000, the defendants planted a shank in his cell in retaliation for his filing a grievance against Brannigan regarding Brannigan's noncompliance with the prison guard dress code.

Federal courts apply state personal-injury limitations periods to actions brought under § 1983. Burrell v. Newsome,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

883 F.2d 416, 418 (5th Cir. 1989). The applicable Texas limitations period is two years. Ali v. Higgs, 892 F.2d 438, 439 (5th Cir. 1990).

There is no dispute that Bernard's claim accrued, at the latest, on July 11, 2000, when he was released from solitary confinement. Thus, his complaint should have been filed on or before July 11, 2002. Although Bernard's first § 1983 complaint alleging the same claim was filed before the expiration of the limitations period, because the complaint was dismissed without prejudice for failure to pay the filing fee, it had no tolling effect. See Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995). Thus, Bernard's current § 1983 complaint filed in 2005 is untimely. We affirm the judgment of the district court on this basis. Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

The district court's dismissal of Bernard's complaint as frivolous and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Bernard accumulated one previous strike in Bernard v. Tong, No. 2:97-CV-0368 (N.D. Tex. Sept. 8, 1998). Bernard is cautioned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.