# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2013

No. 12-41326
Summary Calendar

Lyle W. Cayce
Clerk

DONALD SMITH,

Plaintiff-Appellant

v.

COLLIN COUNTY JAIL; TERRY BOX, Sheriff; NFN FRIZELL, Lieutenant;
COLLIN COUNTY TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-801

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Donald Smith, Texas prisoner # 669727, appeals the summary judgment
dismissal of a civil rights action pursuant to 42 U.S.C. § 1983 against Collin
County Texas, Sheriff Box, and Lt. Frizell.[1]  Smith alleges that, while he was
confined at Collin County Jail on a bench warrant from October 4, 2011, to
January 12, 2012, his constitutional right of access to the courts was violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Collin County Jail was previously dismissed from this action.

because he was denied use of the jail's law library. According to Smith, this denial of access prevented him from researching and preparing a state habeas application regarding his Dallas County conviction.

A district court's grant of summary judgment is reviewed de novo. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). Pretrial detainees have a right of access to the courts. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). To prevail on an access-to-the-courts claim, a prisoner must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). Such an injury is shown when the prisoner demonstrates that the policies or actions of prison officials have hindered his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 414-22 (2002); *Lewis*, 518 U.S. at 351, 356.

Smith's allegations do not set forth an actual injury for purposes of a denial-of-access-to-courts claim. Smith did not show that his state habeas application would contain a nonfrivolous, arguable legal claim. *See Christopher*, 536 U.S. at 415-16. Smith has not demonstrated an actual injury sufficient to establish a constitutional violation of his right of access to the courts. *Lewis*, 518 U.S. at 351, 356.

Accordingly, the district court judgment is AFFIRMED.