# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2023

Lyle W. Cayce
Clerk

No. 22-40104

---

Michael L. Mark,

*Plaintiff—Appellant*,

*versus*

Lee Ann Spears; Kevin R. Wheat; Balden O. Polk; Vickie Barrow; Jonathan Clark; Gina Bentley; Jennifer Smith; Billy Horton; Lanette Linthicum; LeAnn Irons-Rodriguez; Michael Greer; Texas Department of Criminal Justice,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-309

---

Before Duncan and Wilson, *Circuit Judges*, and Mazzant[*], *District Judge*.

Per Curiam:[**]

Plaintiff-Appellant Michael L. Mark, a *pro se* prisoner, filed a civil suit against Defendants-Appellees under 42 U.S.C. § 1983, alleging violations of

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his constitutional rights. The district court dismissed Mark's constitutional claims related to events that occurred in 2014, 2015, and 2016 with prejudice because it determined that those claims were time barred. The district court later dismissed Mark's remaining claims for failure to state a claim upon which relief could be granted.

Mark timely appealed and argues that the district court erred because he is entitled to equitable tolling on his claims and because he stated plausible claims for relief. We hold that the district court did not err and AFFIRM the district court's judgment.

## I.    FACTS AND PROCEDURAL HISTORY

On June 21, 2018, Plaintiff-Appellant Michael L. Mark, an inmate confined to the Texas Department of Criminal Justice ("TDCJ") and housed in the Powledge Unit in Protective Safe Keeping, filed the present suit against Lee Ann Spears, Kevin R. Wheat, Balden O. Polk, Vickie Barrow, Jonathan Clark, Gina Bentley, Jennifer Smith, Billy Horton, Lanette Linthicum, LeAnn Irons-Rodriguez, Michael Greer, and the TDCJ (collectively, "Appellees").[1] Mark alleges that each of the Appellees individually violated his constitutional rights and, as a whole, conspired to retaliate against and harass Mark in violation of 42 U.S.C. § 1983.[2] More specifically, Mark alleges that Appellees (1) denied him access to legal materials, documents, and storage containers, (2) accused him of being a

---

[1] "Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing." *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009) (citing *Causey v. Cain,* 450 F.3d 601, 604 (5th Cir. 2006); *Houston v. Lack,* 487 U.S. 266, 270–71 (1988)). In this case, the date that Mark submitted his pleading to prison authorities was June 21, 2018. Thus, the date Mark is considered to have filed his complaint is June 21, 2018.

[2] After a preliminary review of Mark's complaint, the magistrate judge ordered Mark to file an amended complaint fixing deficiencies pointed out by the magistrate judge in his pleadings. Mark filed an amended complaint but added few, if any, additional facts.

No. 22-40104

"snitch" in front of other inmates and officers, (3) impeded his access to the courts by interfering with his legal mail, (4) retaliated against him for filing administrative grievances, (5) acted with deliberate indifference to his request to have an outside dentist fix his teeth, and (6) subjected him to excessive strip searches.

In the lower court, Appellees filed three motions to dismiss. Relevant here, Appellees argued that Mark is time barred from pursuing claims that arose prior to June 21, 2016, because they are barred by the two-year statute of limitations. Appellees further argued that Mark cannot utilize the doctrine of equitable tolling to revive his time-barred claims. The magistrate judge agreed that all of Mark's claims were barred by the relevant statute of limitations and recommended that the district court dismiss Mark's claims. Mark objected to the magistrate judge's report and recommendation, pointing out that his complaint also contained allegations that arose in 2017 and 2018. After reviewing the report and recommendation and Mark's objections, the district court determined that the magistrate judge was correct insofar as she recommended dismissal of Mark's time-barred claims. However, the district court limited the dismissal to those claims that arose in 2014, 2015, and 2016. Accordingly, the district court partially adopted the report and recommendation, dismissing Mark's claims that accrued more than two years before he filed the present lawsuit.

Later, Appellees Barrow and Smith filed a motion for summary judgment, arguing that Mark's claims against them should be dismissed because Mark did not exhaust his administrative remedies. The magistrate judge disagreed. However, the magistrate judge nonetheless recommended dismissal of Mark's remaining claims because he failed to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). After dismissing the remaining claims, the district court entered a final judgment,

dismissing Mark's lawsuit with prejudice as time barred and because he failed to state a claim.

On appeal, Mark argues that the district court erred when it dismissed his claims. As to the dismissal of his time-barred claims, Mark argues that we should reverse the district court because it should have applied equitable tolling principles. And, as to his other claims, Mark argues that we should reverse the district court's dismissal because he alleged facts in his amended complaint that sufficiently stated plausible claims for relief.

We conclude that the district court did not err in dismissing any of Mark's claims.

## II.    STANDARD OF REVIEW

We review the dismissal of a complaint under Rule 12(b)(6) *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs. *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 164 (5th Cir. 1997); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). We also review dismissal of a complaint under § 1915(e)(2)(B)(ii) *de novo* under the same standard applied to dismissals under Rule 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The plaintiff must allege facts that suggest liability and are more than consistent with unlawful conduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

## III.   ANALYSIS

In his appeal, Mark argues that the district court erred in dismissing his claims because (1) his claims should not be time barred, and (2) he did not fail to state a claim upon which relief could be granted for his remaining claims. We address both arguments in turn.

### A. Section 1983 Statute of Limitations and Equitable Tolling

Section 1983 does not prescribe a statute of limitations. Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001); *see also Owens v. Okure*, 488 U.S. 235, 249–50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). As such, Texas's two-year statute of limitations for personal injury claims applies in this case. Tex. Civ. Prac. & Rem. Code § 16.003(a); *Piotrowski*, 237 F.3d at 576. When the claim accrues, however, is governed by federal law. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) ("While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law."). Under Fifth Circuit law, the limitations period begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* (citations omitted).

In some instances, "[t]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). The plaintiff bears the burden of establishing that equitable tolling applies. *Rotella v. Pederson*, 144 F.3d 892 (5th Cir. 1998). As we pointed out in *Lambert*, equitable tolling may apply in the following circumstances:

> [A] claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she has done everything required of her.

*Lambert*, 44 F.3d at 299 (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Lambert*, 44 F.3d at 299. For example, equitable tolling generally does not apply when a plaintiff's initial suit is dismissed without prejudice. *Id.* Instead, the plaintiff is left in the same position as if the first suit had never been filed. *Id.* That is, a plaintiff's claims are not tolled for statute of limitation purposes until he or she refiles the lawsuit.

Mark filed his complaint in the present action on June 21, 2018. As such, the two-year statute of limitations bars Mark from bringing claims related to injuries that he knew of or had reason to know of before June 21, 2016. Mark does not dispute that the statute of limitations on those claims has run. Rather, on appeal, Mark complains that the district court erred when it did not apply the doctrine of equitable tolling such that he may bring claims that accrued before June 21, 2016. Mark's argument is twofold.

First, Mark argues that the Appellees conspired to or actually did interfere with his access to the courts, legal materials, and communications with attorneys and legal organizations. Courts "do not apply the doctrine of

equitable tolling based solely on a plaintiff's subjective impressions" though. *Ramirez*, 312 F.3d at 184. Rather, courts "examine 'whether the defendant's conduct, innocent or not, reasonably induced the plaintiff not to file suit within the limitations period.'" *Id.* (cleaned up). A defendant's affirmative acts must mislead the plaintiff before a court may apply the doctrine of equitable tolling. *Id.* Mark's general allegations that the Appellees misled him, standing alone, are insufficient to support equitable tolling. *See id.* (holding that equitable tolling did not apply where a plaintiff provided little to no detail about how he was misled). Indeed, Mark offers nothing more than conclusory allegations. Mark did not produce sufficient evidence to demonstrate that he was misled by Appellees; thus, Mark's first argument is unavailing.

Second, Mark argues that the severance order in a previous case provides grounds for equitable tolling. Mark's argument, however, is based on a misunderstanding of what occurred in that case. *See generally Mark v. Spears*, 722 F. App'x 362 (5th Cir. 2018). Mark contends that he was actively disputing an order of the district court and, instead of responding to Mark's dispute, the district court simply dismissed the lawsuit without prejudice. That is not what transpired. Rather, the district court dismissed Mark's first suit without prejudice because the magistrate judge repeatedly ordered Mark to file an amended complaint and he failed to do so. *Id.* Equitable tolling is inapplicable under these circumstances. *Lambert*, 44 F.3d at 300 (affirming a district court's decision not to apply equitable tolling after a plaintiff's case was dismissed without prejudice because the plaintiff had express legal remedies available that would have allowed him or her to avoid dismissal); *see also Williams v. Cook*, No. 00-41271, 2001 WL 822777, at *1 (5th Cir. June 29, 2001) (affirming a district court's refusal to apply equitable tolling after a *pro se* litigant's first lawsuit was dismissed without prejudice).

Strict application of the statute of limitations would not be inequitable in this case. To be sure, this is not a case where Mark had inadequate notice or where Mark was led to believe by the district court that he had done everything required of him. *See Lambert*, 44 F.3d at 299. Nor is this a case where some kind of affirmative misconduct by Appellees lulled Mark into inaction. *See id.* On the contrary, here, as in *Lambert*, Mark's actions caused the district court to dismiss his first case and Mark had legal remedies available to him to remedy the dismissal.

Many of Mark's claims fall outside the statute of limitations period. Mark's claims that he was denied dental care and called a "snitch" accrued in 2014, some of his claims that he was denied legal storage, mail, and dictionaries accrued in 2015, some of his claims that he was not given case citations accrued in May 2016, and Mark's claim regarding excessive strip searches accrued in the beginning of June 2016. Thus, all of Mark's claims regarding his dental care, being called a "snitch," and the excessive strip searches fall outside the statute of limitations. Mark's claims that he was denied legal storage, mail, dictionaries, and case citations that accrued before June 21, 2016, also fall outside the statute of limitations. It is evident from the pleadings that these claims are time barred, and the pleadings fail to raise any basis for tolling. Accordingly, it was proper for the district court to grant the motions to dismiss based on the statute of limitations.

### B. Failure to State a Claim

Turning to Mark's remaining claims, we further determine that the district court did not err in dismissing Mark's timely claims for failing to state a claim upon which relief could be granted.

A prisoner's complaint against a governmental entity or an officer or employee of a governmental entity may be dismissed for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). "A

complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

To start, we note that the magistrate judge pointed out deficiencies in Mark's complaint and gave him the opportunity to amend his complaint and to fix those deficiencies. Mark nonetheless failed to allege additional facts that would support his claims. Thus, for the following reasons, we agree that the claims raised in Mark's amended complaint lack an arguable basis in fact.

### 1. *Access to the Courts*

Mark claims that Appellees impeded his right to access the courts in 2017 and 2018 by preventing him from completing his legal research, purposely delaying or denying his requests for legal citations and books, opening or mishandling his legal mail without him present, and denying his outgoing mail to legal organizations. The magistrate judge determined, and the district court agreed, that Mark neither pleaded nor demonstrated actual injury or harm arising from these allegations because he did not identify or demonstrate how his status as a litigant was prejudiced. We agree with the lower court that Mark did not allege that he suffered any actual harm or injury because of the Appellees' actions.

Prisoners undoubtedly have a right of access to the courts. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). This right encompasses a prisoner's ability "to prepare and transmit a necessary legal document to a court." *Id.* at 821. To prevail on an access-to-the-courts claim, however, a prisoner must show an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349–51 (1996). Such an injury is shown when the prisoner demonstrates that the policies or actions of prison officials have hindered his ability to file a nonfrivolous legal claim. *Smith v. Collin Cnty. Jail*, 548 F. App'x 132, 133 (5th Cir. 2013) (citing *Christopher v. Harbury*, 536 U.S. 403, 414–22 (2002); *Lewis*,

518 U.S. at 351). Furthermore, insofar as a plaintiff alleges that his right to access the courts was impeded because of mail tampering, the plaintiff must show that his or her position as a litigant was prejudiced because of the mail tampering. *Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

Mark argues that the harm he suffered because he was denied access to the courts is obvious. However, Mark wholly fails to state how he was harmed. Mark does not specify what materials he was denied or how any denial impacted his ability to pursue his claims. And, while Mark alleges that his correspondence with legal organizations was interfered with, Mark does not identify any way in which his legal position suffered or any way in which he was prejudiced. Indeed, Mark was not prevented from filing a § 1983 lawsuit against the Appellees because of their alleged actions. On the contrary, he was able to file two lawsuits. Simply put, Mark must do more than make a conclusory statement that he was harmed. *See, e.g.*, *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (noting that a plaintiff may not rely on conclusory statements to survive a motion to dismiss). Accordingly, under these circumstances, Mark has not shown that the district court erred when it dismissed his claims that he was denied access to the courts.

### 2. Retaliation

Mark further argues that the district court erred when it dismissed his First Amendment retaliation claim against Greer. Mark claims that Greer retaliated against him in violation of his First Amendment rights because, after Mark verbally reported Greer for failing to change the water coolers, Greer coughed up phlegm and spit it into Mark's food. In other words, Mark alleges that Greer retaliated against him by causing him to miss a meal. "Under the First Amendment, a prison official may not harass or retaliate against an inmate 'for . . . complaining to a supervisor about a guard's misconduct.'" *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019) (quoting

*Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995)). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Id.* (internal citations omitted). As to the third prong, the retaliatory act must be more than *de minimis*. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Id.*; *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). And, as to the fourth prong, the prisoner must prove that "but for the retaliatory motive the complained of incident . . . would not have occurred." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)).

Importantly, courts are required to carefully scrutinize First Amendment retaliation claims. *Woods*, 60 F.3d at 1166. Mere conclusory allegations are insufficient. *Id.* Instead, an inmate must "allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal citations omitted).

We agree with Mark that the phlegm incident, which we accept as true at the pleading stage, is reprehensible. Mark did not establish in his pleadings, however, that Greer's actions, even if motivated by retaliatory intent, rise to the level of First Amendment retaliation because (1) Greer's retaliatory act was *de minimis*, and (2) Mark did not sufficiently allege that but for Greer's retaliatory motive the phlegm incident would not have occurred.

Taking these issues in reverse order, we start with the issues of intent and causation. Mark alleges in his amended complaint that "Greer's direct retaliation was to cough up phlegm and mucus onto plaintiff's breakfast tray" with the intent to "cause serious harm, sickness, or worse." These allegations are insufficient to support that Greer had retaliatory intent or that

Greer's allegedly retaliatory intent was causally connected to the phlegm incident. Mark alleges that Greer was ordered to start changing the water coolers after Mark's report. However, Mark alleges no facts that Greer was aware that a prisoner reported him for failing to change the water coolers or, more importantly, that Greer was specifically aware that Mark reported him for failing to change the water coolers. An essential element of a retaliation claim is the ability to show causation, i.e., that the complained-of phlegm incident would not have occurred absent the retaliatory motive. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods*, 60 F.3d at 1166. Mark's failure to allege any facts indicating that Greer was even aware of the verbal report provides, at best, a weak connection between any retaliatory motive and the retaliatory act. Mark was given the opportunity to amend his pleadings and provide additional facts but did not. Without more, Mark's pleadings are insufficient to support the essential elements of a First Amendment retaliation claim.

Now we turn to Greer's retaliatory act. Mark's claim that Greer committed a First Amendment retaliatory act against him when he deprived him of a meal must be viewed through the lens of the Eighth Amendment. The Eighth Amendment requires that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (footnote omitted) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (per curiam) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib*, 138 F.3d at 214 n.3 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (internal quotations omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.* "The Eighth

Amendment does not require that prisoners receive three meals a day; rather, the Eighth Amendment requires that jails provide inmates with well-balanced meals, containing sufficient nutritional value to preserve health." *Grissom v. Patterson*, No. 91-7137, 1993 WL 560256, at *4 (5th Cir. Dec. 27, 1993) (cleaned up) (citing *Green*, 801 F.2d at 770; *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)).

With these Eighth Amendment principles in mind, Greer's retaliatory act—depriving Mark of a meal by spitting in it—is a *de minimis* act for First Amendment retaliation purposes because he only missed a single meal. *See Green*, 801 F.2d at 770–71 (holding that only providing prisoners two meals a day does not violate the Eighth Amendment); *see also Talib*, 138 F.3d at 214 n.3 (holding that it is doubtful a prisoner was denied the "minimal measure of life's necessities" when he missed fifty meals over the course of five months).

While Mark undeniably exercised his First Amendment right to file grievances, he nonetheless fails to allege a chronology of events from which retaliation may be plausibly inferred. As such, the district court did not err in dismissing Mark's retaliation claim against Greer for failure to state a claim.

### 3. Failure to Respond to Grievances

Mark argues that the district court erred when it dismissed his claim that prison officials failed to respond to his grievances. However, "any alleged due process violation arising from the alleged failure to investigate [an inmate's] grievances is indisputably meritless . . . ." *Geiger v. Jowers*, 404 F.3d 371 374 (5th Cir. 2005). Accordingly, the district court did not err in dismissing Mark's claim that prison officials failed to adequately respond to his grievances.

### 4. Conspiracy to Retaliate

Next, Mark argues that the district court erred when it dismissed his conspiracy claims. Mark claims that Appellees conspired to retaliate against him when they interfered with his legal mail and right to access the courts. And, generally, Mark claims that there was a system-wide conspiracy to deny, deprive, harass, and retaliate against Mark for exposing alleged wrongs done to him. To establish a conspiracy under § 1983, "a prisoner must allege an actual violation of a right protected under § 1983 and that the defendants acted in concert with specific intent to violate that right." *McKinney v. McDuffie*, 789 F. App'x 413, 416 (5th Cir. 2019) (internal citations omitted). Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based." *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). "'Bald allegations' of a conspiracy are not enough." *McKinney*, 789 F. App'x at 416 (quoting *Young*, 938, F.2d at 569).

Mark's general conspiracy claim fails because Mark offers nothing more than conclusory, unsupported statements. As we just discussed, bald allegations of a conspiracy are insufficient to support a claim. *See id.* Thus, the district court did not err when it dismissed Mark's conspiracy claims.

As to Mark's more specific claims that Appellees conspired to interfere with his legal mail and his right to access the courts, Mark's claims fail for the same reasons that Mark's non-conspiratorial legal mail and access claims fail. Mark does not allege facts that would support Mark suffered any injury or was harmed by the Appellees' actions. Therefore, the district court did not err in dismissing these claims either.

### 5. *Supervisory Liability*

Mark further argues that the district court erred by dismissing his claims of supervisory liability. Mark contends that Spears, Smith, Barrow, Polk, Clark, Horton, and Linthicum are supervisory officials that breached their duties under state law when they acted with deliberate indifference

toward a resulting constitutional injury. "Section 1983 does not create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). "Rather, a plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). "In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (cleaned up) (quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).

Mark does not sufficiently allege a supervisory retaliation claim. Mark fails to allege any plausible claims regarding the constitutional violations allegedly committed by Appellees. As such, Mark does not demonstrate a cognizable claim of supervisory liability under § 1983 and the district court did not err in dismissing Mark's supervisory liability claims. *See id.*

## IV.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.